UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AWILDA RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1176-M |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Awilda Ramos brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Chief United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). The Commissioner has answered and filed the administrative record (Doc. No. 14).[1] The parties have briefed

---

[1] Citations to the administrative record are as "R. __," using the pagination assigned by the Social Security Administration in the certified copy of the transcript of the administrative record. Citations to other documents filed in this Court adhere to the pagination assigned by the Court's electronic filing system.

their positions and the case is now ready for decision. For the reasons set forth below, it is recommended that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB and SSI benefits on August 25, 2006, alleging a disability onset date of August 3, 2004. R. 302-12, 345. Following denial of her application initially and on reconsideration, Plaintiff was granted and attended a hearing before an Administrative Law Judge ("ALJ"). R. 158-67, 173-80, 91-125. The ALJ issued an unfavorable decision on September 28, 2009. R. 145-51. The SSA Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded for resolution of several issues. R. 154-57.

Upon remand, Plaintiff attended a hearing before the ALJ on July 19, 2011. R. 32-80. The ALJ issued an unfavorable decision on November 8, 2011. R. 14-26. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 7-9; *see also* 20 C.F.R. §§ 404.981, 416.1481. This action for judicial review followed.

## ADMINISTRATIVE DECISION

The Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 3, 2004, the alleged onset date. R. 17; *see* 20 C.F.R. §§ 404.1571, 416.971. At step two, the ALJ determined that Plaintiff had the severe impairments of "affective disorder, borderline personality

disorder, substance abuse disorder, the residual effects of a 2002 knee injury, a history of chronic migraine cephalgia, and arthritis." R. 17; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17; *see* 20 C.F.R. §§ 404.1520(d), 416.920(d).

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 18-24; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The ALJ found that Plaintiff had the RFC to perform "light work," subject to additional limitations:

> [S]he can perform simple and some complex tasks; she can relate to colleagues and supervisors on a superficial work basis; she cannot work with the general public; and she can adapt to a work situation.

R. 18; *see* 20 C.F.R. §§ 404.1567(b) (defining "light work"), 416.967(b) (same). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work and that transferability of job skills was not an issue because Plaintiff's past relevant work was unskilled. R. 24, 25; *see* 20 C.F.R. §§ 404.1565, .1568, 416.965, .968.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. Taking into consideration the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform occupations such as price marker, small parts assembler, and laundry sorter, all of which offer jobs that exist in significant numbers in the national and regional economies. R. 25; *see* 20 C.F.R. §§ 404.1545(a)(5)(ii), 416.945(a)(5)(ii). On that basis, the ALJ concluded that Plaintiff had

3

not been under a disability, as defined in the Social Security Act, from August 3, 2004, through the date of the decision. R. 26; *see* 20 C.F.R. §§ 404.1520(g), 416.920(g).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole, including [any evidence] that may undercut or detract from the ALJ's findings . . . to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ANALYSIS

Plaintiff contends that the ALJ's RFC determination was erroneous and not supported by substantial evidence because the ALJ failed to include limitations caused by Plaintiff's left shoulder impairment. Pl.'s Br., Doc. No. 16, at 16.

### A. Whether the RFC Was Legally Erroneous Because the Step-Two Findings Were Inconsistent with the RFC

Plaintiff asserts as her first claim of error that "the ALJ's RFC was legally erroneous because it failed to even address [Plaintiff's] left shoulder problems although the ALJ found [Plaintiff's] arthritis, which affected both her knees and her left shoulder, was a severe impairment at step two." Pl.'s Br. at 17. The ALJ, as noted by Plaintiff, found "arthritis" to be a severe impairment at step two. R. 17. The ALJ did not, however, state that he included Plaintiff's "left shoulder problems" in that impairment. *See* R. 17. Plaintiff points to page 530 of the record as support for her claim that arthritis affected her left shoulder. Pl.'s Br. at 17. That document does not include a diagnosis or objective finding of arthritis in Plaintiff's left shoulder; rather, it is part of an initial psychiatric evaluation documenting that Plaintiff reported "a history . . . of arthritis in her left shoulder . . . ." R. 530. Likewise, although Plaintiff accurately states that consultative examiner John Saidi, M.D., diagnosed Plaintiff with "arthritis," *see* Pl.'s Br. at 8, 18 (citing R. 473-75), Dr. Saidi's "final impression" was that Plaintiff "has a history of anxiety, depression, chronic migraine cephalgia and arthritis." R. 475. Dr. Saidi did not specify that this history of arthritis extended to Plaintiff's left shoulder.

As a result, Plaintiff's argument that the ALJ's decision was inconsistent and therefore legally erroneous—i.e., that the ALJ erred by finding a severe shoulder impairment at step two but not including functional limitations related to that impairment in the RFC—is unavailing. Further, the Court need not decide whether substantial evidence supports a step-two determination that Plaintiff's left shoulder pain was not a

5

severe impairment. Even if the ALJ erred by failing to include left shoulder pain as a severe impairment, such error would be harmless because the ALJ found that other severe impairments existed and on that basis proceeded to the next step of the sequential evaluation process. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008); 42 U.S.C. § 423(d)(2)(B) (requiring ALJ to consider both severe and nonsevere impairments in determining disability).

B. *Whether the ALJ Properly Considered Plaintiff's Left Shoulder Pain in Assessing the RFC*

Plaintiff next contends that "the ALJ's RFC for light work was not based on substantial evidence since it was overwhelmingly contradicted by the substantial medical evidence indicating [Plaintiff] suffered left shoulder restrictions which this RFC failed to address." Pl.'s Br. at 20. Specifically Plaintiff argues that the RFC should have included restrictions related to reaching or extending the hands and arms. *Id.*

The record includes the following evidence of Plaintiff's left shoulder pain and whether it significantly limited her ability to do basic work activities:

1. Medical Evidence

As noted by the ALJ in his decision, Plaintiff's complaint of "arthritis . . . [is] not the focus of [her] complaint in the record" and "musculoskeletal pain is not a major complaint in the record. . . ." R. 24. Indeed there are minimal references to Plaintiff's shoulder pain in the medical evidence. In addition to Plaintiff's previously-discussed report of shoulder pain at an October 23, 2006, initial psychiatric evaluation, R. 530,

6

Plaintiff also reported left shoulder pain during a January 24, 2007, mental status examination. R. 483.[2]

More substantively, in May 2005, Plaintiff sought treatment at an emergency room for left shoulder pain and right knee pain, informing the doctor that she had been having left shoulder pain for the past two weeks. Pl.'s Br. at 18; R. 446. The emergency room doctor observed "some tenderness to [Plaintiff's] left shoulder diffusely." R. 447-48. She diagnosed "left shoulder pain," which she planned to "treat conservatively." R. 448 The ALJ does not note this record, other than to state that "[m]edical records dated 2004 and 2005 do not show that [Plaintiff] suffered from significantly limiting impairments." *See* R. 19 (also discussing other records within same exhibit).

In November of 2006, Plaintiff underwent a consultative examination by Dr. Saidi, who noted that Plaintiff reported "pain in her left shoulder" that "is worse especially with lifting." R. 473. Dr. Saidi found that the range of motion, externally and internally, for Plaintiff's left shoulder joint was "decreased" and "associated with pain on the left side." R. 475. The Range of Motion Evaluation Chart completed by Dr. Saidi states more specifically that Plaintiff's left shoulder ranges of motion were: abduction 130/150; forward elevation 130/150; adduction 22/30;[3] internal rotation 60/80; and external rotation 70/90. R. 478. In his RFC analysis, the ALJ noted Dr. Saidi's finding that

---

[2] According to the examining psychologist, Plaintiff "reports joint, knee/shoulder pain as a ten on a ten point pain scale without pain medication." R. 483.

[3] This entry is partially illegible. *See* R. 478. The undersigned has used the potential reading that indicates the greatest restriction—in other words, giving the benefit of the doubt to Plaintiff.

7

Plaintiff's shoulder joints had "some decreased range of motion on the left side." *See* R. 20.[4]

In October 2007, Plaintiff sought treatment for left shoulder pain "that limits her activities [and] is unrelieved by Naproxen." R. 566. The treating doctor noted that Plaintiff had "tenderness," ordered an MRI, and prescribed Tramadol and ibuprofen. R. 563. The MRI indicated a full thickness rotator cuff tear. R. 569. The ALJ noted the MRI results in his RFC analysis. *See* R. 21.

2. <u>Non-Medical Record</u>

In Plaintiff's Disability Report dated September 19, 2006, she reported that the "illnesses, injuries, or conditions that limit [her] ability to work" were "[d]epression, knee problems, [and] migraine headaches." R. 350. In Plaintiff's Function Report dated October 12, 2006, she included only her knee and depression as her "illnesses, injuries, or conditions" and reported that they did not affect her abilities to reach or use her hands. R. 373. Additionally, in two Disability Reports, one dated May 5, 2007 and the other dated June 27, 2007, Plaintiff listed only her depression and knees when asked about changes in her illnesses, injuries, or conditions. R. 390 ("more depressed"), 392 ("more depressed"), 399 ("very depressed"), 401 ("knees hurt more and more everyday").

---

[4] Plaintiff argues that these limited ranges of motion would directly impact her ability to reach, relying on *Harris v. Colvin*, No. CIV-12-856-F, 2013 WL 4048990 (W.D. Okla. Aug. 9, 2013) and *Aday v. Colvin*, No. CIV-13-341-R, 2014 WL 2766080 (W.D. Okla. June 18, 2014). In both of those cases, however, the ranges of motion at issue were significantly more restricted than are Plaintiff's in the current case. *Compare* R. 478, with *Harris*, No. CIV-12-856-F (Doc. No. 13, Social Security Administration Record, at 341) and *Aday*, No. CIV-13-341-R (Doc. No. 12, Social Security Administration Record, at 364).

3. <u>Hearing Testimony</u>

Finally, as further noted by the ALJ in his decision, Plaintiff's complaint of "arthritis" and "musculoskeletal pain . . . [were] not the focus of [Plaintiff's] testimony at the hearing . . . ." R. 24. During the first hearing on March 23, 2009, when the ALJ questioned Plaintiff about her torn rotator cuff, she testified that she had trouble using her left hand because her left shoulder hurt when she raised it to a certain point. R. 106. At that 2009 hearing, however, when asked "[w]hat is it that keeps you from being able to work," Plaintiff did not mention her left shoulder, but responded "[m]y depression, my knee." R. 99. Similarly, at the second hearing on July 19, 2011, Plaintiff did not specifically mention left shoulder pain when responding to a question about lifting; however, she did state that the most she could lift with her left hand was five or ten pounds. R. 61. Plaintiff also stated, in response to a question by the ALJ, that she had not had her rotator cuff repaired. R. 61.

Plaintiff's attorney did not assert that Plaintiff's left shoulder was a cause of physical limitation at either hearing. At the first hearing, when the ALJ asked what testimony had been offered regarding Plaintiff's physical limitations, Plaintiff's attorney did not mention her left shoulder. *See* R. 122-23 (stating "[w]e talked about her knees"). In his summary at the second hearing, Plaintiff's attorney did not mention Plaintiff's left

shoulder pain, but asserted that Plaintiff's back and knee pain caused physical limitations. R. 75-76.[5]

4. Analysis

Regardless of whether Plaintiff's shoulder condition constituted a severe impairment, the ALJ was obligated to consider any functional limitations resulting from that condition in his assessment of Plaintiff's RFC. An ALJ must "consider the combined effect of all of the [claimant's] impairments without regard to whether any such impairment, if considered separately, would be of such severity" as to warrant an award of benefits. 42 U.S.C. § 423(d)(2)(B); *see also Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013) (explaining that when "assessing [a] claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*").

Here, the ALJ noted his obligation, when assessing a claimant's RFC, to consider "all of the claimant's impairments, including impairments that are not severe." R. 16.

---

[5] In *Hawkins v. Chater*, the Tenth Circuit stated:

> Ordinarily, the claimant must in some fashion raise the issue sought to be developed, which, on its face, must be substantial. Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. . . . Further, when the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored.

*Hawkins*, 113 F.3d 1162, 1167 (10th Cir. 1997) (internal citations omitted); *accord Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) (explaining that when a claimant is represented by counsel, the ALJ may rely upon the claimant's counsel to structure the claimant's case and to identify any issue requiring further development).

The ALJ stated that he determined Plaintiff's RFC "[a]fter careful consideration of the entire record." R. 18. Further, the ALJ stated that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." R. 18.

When an "ALJ indicates he has considered all the evidence[,] our practice is to take the ALJ at his word." *Wall,* 561 F.3d at 1070 (internal quotation marks omitted); *accord Bales v. Colvin*, 576 F. App'x. 792, 798-99 (10th Cir. 2014) (finding that ALJ considered combined effect of claimant's severe and nonsevere impairments where, even though no nonsevere impairments were mentioned, ALJ stated that all impairments required consideration, she had considered all of the claimant's symptoms, and she had considered all of the evidence). Moreover, the ALJ's decision indicates that he considered the evidence of Plaintiff's left shoulder pain when determining Plaintiff's RFC. The ALJ did not discuss every record relating to Plaintiff's left shoulder, but "an ALJ is not required to discuss every piece of evidence." *See Mays v. Colvin,* 739 F.3d 569, 576 (10th Cir. 2014) (internal quotation marks omitted). The ALJ thoroughly discussed the medical evidence of Plaintiff's mental and physical impairments, including the most probative records of Plaintiff's left shoulder problems.

Further, in light of the evidence set forth above, and the record as a whole, Plaintiff has not shown that the ALJ's RFC assessment was not supported by substantial evidence. Although the record shows that Plaintiff had a torn rotator cuff, *see* R. 569, and minor decreased range of motion on her left side, *see* R. 478, the record simply lacks any indication that Plaintiff's left shoulder pain caused significant functional

limitations—with the possible exception of Plaintiff's ability to lift. Plaintiff does not point to any medical opinion of actual limitations related to reaching or extending the hands and arms.[6]

With respect to Plaintiff's ability to lift, Plaintiff testified at the first hearing that she had a problem lifting with her left hand. R. 106. She testified at the second hearing that the most she could lift with her left hand was "at least five, ten pounds." R. 61. Plaintiff reported to Dr. Saidi that the "pain is worse especially with lifting." R. 473. By determining that Plaintiff can perform no more than light work, as that term is defined for the purposes of the SSA regulations, the ALJ imposed, among other things, a restriction on Plaintiff's ability to lift. *See* 20 C.F.R. §§ 404.1567(b) (defining "light work" as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds), 416.967(b) (same). Notably, Plaintiff does not point to any medical opinion or objective finding of a lifting restriction that would be greater than that associated with light work. Nor does Plaintiff challenge the ALJ's credibility analysis, in which the ALJ listed reasons for his decision to find Plaintiff only partially credible in describing the limiting effects of her pain. *See* R. 24.[7]

---

[6] Despite Plaintiff's argument that medical evidence "indicated that [Plaintiff] *would* have work-related restrictions relating to reaching or extending" her hands and arms, *see* Pl.'s Br. at 20 (emphasis added), Plaintiff must show that any such work-related restrictions *actually* existed. *See* 20 C.F.R. §§ 404.1512(c) (requiring that a claimant "provide evidence . . . showing how your impairment(s) affects your functioning during the time you say that you are disabled"), 416.912(c) (same).

[7] In the initial decision of the ALJ—which was vacated by the SSA Appeals Council— the ALJ had found that Plaintiff had the RFC to perform "a wide range of medium

Accordingly, the record shows that, though Plaintiff may suffer some pain and discomfort due to left shoulder pain and torn rotator cuff, the limitations found by the ALJ were based on a proper consideration of the record and are supported by substantial evidence. *See Doyal,* 331 F.3d at 760 ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). The undersigned may not and will not disrupt this determination without intruding upon the Commissioner's responsibility to weigh the evidence. *See Bowman*, 511 F.3d at 1272; *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Reversal is not warranted on the above bases.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be AFFIRMED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such

---

exertional work activity." R. 150. Plaintiff appealed to the Appeals Council, arguing that the RFC assessment was not supported by substantial evidence because it did not take into account, among other limitations, Plaintiff's left shoulder pain. R. 251-53. In its remand order, the Appeals Council ordered the ALJ to "[g]ive further consideration to the claimant's maximum [RFC] and provide appropriate rationale with specific references to evidence of record in support of all assessed limitations." R. 156. The ALJ's RFC for light work is more restrictive than his initial RFC. *Compare* R. 18, *with* R. 150; *see also* 20 C.F.R. §§ 404.1567(b) (defining "light work"), 416.967(b) (same); 20 C.F.R. §§ 404.1567(c) (defining "medium work" as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 20 pounds), 416.967(c) (same).

objections must be filed with the Clerk of this Court by March 25, 2015. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 11th day of March, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE